Stearns agt. Welsh.

SUPREME COURT.

STEARNS agt. WELSH.

*Adjournment of mortgage foreclosure sale — regularity.*

The defendant, on the day of sale of mortgaged premises, served on the referee an order appointing a day for the hearing of a motion which defendant desired to make, and also stayed proceedings, &c.

*Held*, that the intent of the order was to stay the sale, and not to prevent the adjournment of a sale, and that the adjournment made by the referee was regular, and was a satisfactory compliance with the order.

*Kings Special Term, December,* 1875.

TAPPEN, *J.* — A sale in foreclosure was duly advertised herein twice a week for three weeks ; and on the day of sale (December second), the defendant's attorney attended and served on the referee an order obtained the previous day, which order appointed a day for the hearing of a motion which defendant desired to make, and also stayed proceedings, &c.

I hold that the intent of the order was to stay the sale, not to prevent the adjournment of a sale; and that the adjournment made by the referee was regular, and was a satisfactory · compliance with the order. The defendant, in obtaining the order, should have framed it with that view, to do otherwise was against the practice, and the defendant can take nothing by it. The defendant now moves to set aside a sale made after the stay was removed. The referee duly proclaimed two adjournments of the sale. Such proclamation was made in each case at the time and place appointed for the sale, and in the presence of defendant or her attorney, and the adjournments were because the stay had not been dissolved.

To particularize, the sale originally advertised for December second was adjourned to December ninth. The notice of sale and of such adjournment were then published December third, in the proper newspaper, and on December ninth the sale was further adjourned to December sixteenth and the notice of sale, with both adjournments, published in the proper·paper on the fourteenth and fifteenth of December. I find that the referee did not publish the first adjournment twice a week, but that he did substantially comply with the seventy-fourth rule ; and there is no authority quoted for holding that the rule or practice, in respect to publishing the notice of postponement, are defective or irregular in this case, which is an equity action and not governed by the provisions of the Revised Statutes. The action of the defendant, in obtaining a stay of proceedings, made the adjournments necessary. The purchaser makes no objection to the title, and the defendant has not shown that any loss or harm arose from the mode in which the postponements were made and published. But, inasmuch as the plaintiff, also is the purchaser, is willing that a resale should be made on terms, if the defendant can be bettered by it a condi-. tional resale may be had.

Ordered, therefore, that the defendant's motion be denied, with ten dollars costs ; but if in five days from service of this order on defendant's attorney, fifty dollars shall be paid referee or attorney, toward expenses of resale, and $200 deposited with county clerk, or paid to plaintiff on account of mortgage debt, then a resale may be had on usual notice.